**183 So. 690**
## NEW YORK LIFE INS. CO. v. FRANK.
### 7 Div. 365.

Court of Appeals of Alabama.
Oct. 4, 1938.

Harrison & Stringer, of Talladega, for appellee.

RICE, Judge.

The complaint was in the usual form for suits for permanent and total disability benefits. It alleged that, under the terms of the policy, the defendant agreed that upon receipt of due proof that the plaintiff, who was the insured, became totally and permanently disabled, the company would pay a monthly income of Twenty ($20) Dollars a month. That on November 1, 1936, the plaintiff became disabled by bodily injury or disease so that he was totally disabled and such disability occurred after the insurance, under said policy, took effect; and that said policy of insurance was on said 1st Day of November, 1936, in full force and effect, and has continued to this time to remain in full force and effect; and that plaintiff on or about, to-wit, the 5th Day of March, 1937, made due proof to defendant at its home office that plaintiff was totally disabled; and that notwithstanding the making of said due proof defendant failed and refused to pay any part of the income.

To this complaint the defendant pleaded not guilty, and also pleaded alleged misrepresentations in the application for the policy. The first misrepresentation, set out in two pleas, was that in answer to the question in the application: whether he had had any accident, the plaintiff failed to disclose that he had been in two motorcycle wrecks, in each of which he had received injuries to his spine and back.

There were also two pleas which alleged misrepresentation in that the plaintiff failed to disclose in the application that he had been treated for certain diseases in the year 1917.

Issue being joined on these pleas, there was verdict and judgment for plaintiff.

No question is raised on this appeal affecting the trial of the issues made by the special pleas, but appellant insists that it is entitled to the general affirmative charge in its behalf, by reason of a failure on the part of the plaintiff to comply with the terms of the policy, wherein payment of loss is dependent upon the following provision: "Upon receipt at the Company's office, before default in the payment of premium, of due proof that the Insured is totally disabled as above defined and will be continuously so disabled for life."

The policy of insurance discloses that the application was dated December 5, 1928, and the policy issued on December 19, 1928. On the trial the plaintiff, in connection with other evidence, introduced the proof of loss made to the defendant company, over the objection and exception of defendant. The pertinent ground of this objection was that the proof of loss offered by plaintiff disclosed a statement by the plaintiff that the disability claimed began before the policy was issued, and at a time when it was not in force. The objection to this line of testimony, together with the refusal of the general affirmative charge, presents the question to be here determined.

The pertinent part of the contract of insurance introduced in evidence is: "And upon receipt of due proof that the Insured is totally and presumably permanently disabled before age 60, as defined under 'Total and Permanent Disability,' the Company agrees to pay to the Insured a monthly income of Twenty Dollars, etc."

The pertinent part of the proof of loss is as follows:

"8. (a) Are you wholly disabled at the present time? Yes.

"(b) State cause of Disability. Chronic Arthritis of Lumbar Spine plus scoliosis.

"9. (a) On what date did the illness begin that led up to the present disability and what was the nature of the illness? See Dr.'s certificate.

"(b) Give the name and address of the first physician consulted at the beginning of that illness. Dr. Wren, November 10th, 1927, don't know day.

"(c) State date on which you first consulted that physician. See Dr. Wren.

"(d) Give names of all other physicians consulted and dates of such consultations. Dr. Michael Hoke, Atlanta, Georgia, Dr. Wren and Dr. Salter, Talladega, Alabama.

"10. From what date has your disability prevented you from engaging in any occupation whatsoever for remuneration or profit? November 10, 1936."

The proof of loss was duly filed with the defendant Company.

We have considered carefully this record and the briefs filed, both for the appellant and the appellee, together with the cited authorities. This court is in accord with the law as declared in those authorities, but, as we view the case, they are not applicable here.

It will be observed that the insurance issued by the defendant company was not as against the beginning or inception of a disease, but definitely insured the plaintiff against "total and presumably permanent disability." The proof of loss furnished by the plaintiff to the defendant definitely stated that the loss occurred on November 10, 1936, at a time when the policy was in full force and effect. If by reason of a false statement in the application preceding the issuance of the policy of insurance the defendant had been injured, that question was to be litigated under special pleading and not under plea of the general issue.

The proof of loss as furnished by the plaintiff to the defendant and introduced in evidence meets every requirement of the policy contract. Therefore, in its several rulings on this point, the court did not err.

The judgment is affirmed.

Affirmed.